## HOUGH et al. v. CITY OF TULSA et al.

No. 13727—Opinion Filed May 25, 1926.

Withdrawn, Corrected and Refiled and Rehearing Denied July 13, 1926.

### Appeal and Error — Failure to Appeal in Statutory Time—Dismissal.

Where a statute provides that an appeal shall be taken within a given time, and the party attempting the appeal permits that time to go by before appealing his case, the

court will sustain a motion to dismiss on the ground that the cause of action is barred by the statute of limitation.

## 2. Municipal Corporations — Validity of ' Charter Provision Prescribing Time—Limitation for Appeals from Decisions on Pavement Projects.

The statute of ten-day limitation, provision of the charter of the city of Tulsa, contained in sec. 14, art. 9 of this said charter, providing that a party desiring to appeal from the decision of the city commissioners on a protest against pavement must do so within ten days, is a part of the regulations of matters wholly within said city, as to local improvements and assessments against property for paving of same, is constitutional and valid.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Nancy L. Hough et al. against the city of Tulsa et al. to enjoin the defendants from making certain improvements in the way of paving certain streets in the city of Tulsa. Judgment for defendants, and plaintiffs appeal. Affirmed.

Louis W. Pratt and James M. Springer, for plaintiffs in error.

H. O. Bland, City Atty., Harry L. S. Halley, and Allen & Underwood, for defendants in error.

Opinion by MAXEY, C. This case involves the same questions as the case of Colvin et al. against City of Tulsa et al., No. 13727, which is a companion case to No. 13726, this day decided. (ante, p. 209). This case, as in the Colvin Case, is a suit to enjoin the city of Tulsa from making certain improvements in the way of paving, curbing, etc., in the city of Tulsa. A demurrer was sustained by the trial court to the petition, on the ground that the case was barred by the statute of limitation; and in the Colvin Case we sustain the judgment of the trial court and affirmed the case. The same argument and citations of authorities in that case are applicable to this case, and on the authority of that case, this case is also affirmed.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 1067 § 1074: 4 C. J. p. 566 § 2380; 2 R. C. L. p. 104; 1 R. C. L. Supp. p. 398; 4 R. C. L. Supp. p. 81.